IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID C. BURRELL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-0911-B -BK |
| | § | |
| DEPARTMENT OF VETERAN AFFAIRS, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

On March 12, 2014, Plaintiff filed a *pro se* complaint against the Department of Veterans Affairs (VA), Pension Management Center. [Doc. 3 at 1]. He alleges the VA improperly denied his pension benefits even though he was totally and permanently disabled and had been receiving social security disability benefits since 1989. [Doc. 3 at 1]. Plaintiff maintains that he cannot obtain gainful employment due to his disabilities, which he has experienced throughout his lifetime. [Doc. 3 at 1]. He, thus, claims that he is entitled to relief "under the American with Disabilities Act." [Doc. 3 at 1].

In answer to the Court's questionnaire, Petitioner concedes that he has yet to appeal the March 6, 2014, denial of VA benefits, but that he plans to do so before the end of the one-year period on March 6, 2015. [Doc. 13 at 1]. He states that he "want[s] the Court to look into the matter of the Dept. of Veterans Affairs, breaking federal law," and that he seeks to "be granted

VA pension benefits." [Doc. 13 at 2]. Plaintiff identifies the statutory basis of his Americans with Disability Act (ADA) claim as "section 504 of Rehabilitation [sic] Act of 1973," and states that the ADA "prohibits discrimination from the federal government (includ[ing] the VA)." [Doc. 13 at 2]. While he asserts the denial of VA benefits amounts to "discrimination" under the ADA, he fails to explain how. [Doc. 13 at 2]. In response to the question regarding federal question jurisdiction, he states the VA "discriminated against me (evidence will show they did)." [Doc. 13 at 3].

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Veterans Judicial Review Act, 38 U.S.C. § 511(a), which creates an exclusive review procedure by which veterans can appeal benefits decisions, precludes federal district court review of benefits determinations. *See King v. U.S. Dept. of Veterans Affairs*, 728 F.3d 410, 414 (5th Cir. 2013) (citing *Zuspann v. Brown*, 60 F.3d 1156, 1158-1159 (5th Cir. 1995)). Therefore, insofar as Plaintiff seeks judicial review of the March 2014 denial of VA benefits, this Court lacks jurisdiction to entertain his claim. *King*, 728 F.3d at 415.

Plaintiff also asserts that the denial of VA benefits violates the ADA. [Doc. 3 at 1; Doc. 13 ta 2-3]. The Court examines the substance of his assertion, rather than his label, to determine its true nature. *See United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir.1983) (the label attached to a *pro se* pleading is not controlling; rather, courts must look to the content of the

pleading).  Plaintiff's ADA claim is, in substance, a challenge to the underlying processes of the VA and its benefit decision.  His claim, like the veteran's claims in *King*, requests this Court determine whether the VA acted properly in handling his requests for benefits.  *King*, 728 F.3d at 415.  Since Plaintiff essentially seeks District Court review of the VA's actions in connection with the denial of his benefits, his request is outside this Court's jurisdiction.  *Id.* (veteran's challenge pursuant to Federal Tort Claims Act of termination of benefits by VA was appeal of VA's benefits decision, and therefore, district court lacked jurisdiction over proceedings); *Zuspannn*, 60 F.3d at 1159 (veteran's claim that VA denied him adequate medical care in violation of the Rehabilitation Act and Due Process Clause of the Fifth Amendment was in reality an individualized challenge to the VA's decision to deny him benefits over which district court lacked subject matter jurisdiction).

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  See *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009) (while generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed,  . . . [g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'").  Here, Plaintiff's claims are fatally infirm.  Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** without prejudice for lack of jurisdiction.  See FED. R. CIV. P. 12(h)(3).

SIGNED May 16, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE